**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| **PURCELL TURNER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO. 3:10 CV 241 JM** |
| **v.** ) | |
| ) | |
| **SHERIFF CANARECCI,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Purcell Turner, Jr., a *pro se* prisoner, submitted a complaint under 42 U.S.C.

§ 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint

and dismiss it if the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under

§ 1915A as when addressing a motion under FEDERAL RULE OF CIVIL PROCEDURE

12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a

complaint must contain enough factual matter to state a claim for relief that is plausible

on its face and to raise the right to relief above the speculative level. *Bissessur v. Indiana*

*Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In deciding whether the complaint

states a claim, the court must bear in mind that "[a] document filed *pro se* is to be

liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).

In his complaint, Turner alleges that Deputy Heather, a guard at the St. Joseph County Jail, used excessive force against him during an incident that occurred at the jail in October 2008. (DE 1 at 3-4.) He is suing Deputy Heather, as well as Warden Julie Lawson and Sheriff Frank Canarecci, who he appears to believe directed the guard's conduct. A review of the complaint reveals that Turner did not exhaust his administrative remedies before filing suit.

Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has made clear that exhaustion is a mandatory prerequisite to filing suit over prison conditions, including claims of excessive force. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Porter v. Nussle*, 534 U.S. 516, 528 (2002). To satisfy the exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023. Although the failure to exhaust is an affirmative defense, dismissal at the pleading stage is appropriate if the defense is apparent from the complaint itself. *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

Here, Turner states in his complaint that there is a grievance process available at the jail, but acknowledges that he did not file a grievance about the issues raised in this

lawsuit. (DE # 1 at 2.) He states that he did not do so because, in his words, "Julie Lawson, the warden had provided information why she had done what had occurred to myself [ ] and other inmates." (*Id.*) It appears that Turner spoke with the warden following this incident, but merely speaking with her was no substitute for complying with the jail's formal grievance process. *See Pozo*, 286 F.3d at 1025. Nor would Turner's subjective belief that there was no point in filing a grievance excuse his failure to comply with the formal grievance process. *See Perez v. Wisc. Dep't of Corrs.*, 182 F.3d 532, 536 (7th Cir. 1999).

Moreover, it is apparent from the complaint that Turner was still aggrieved by this incident notwithstanding whatever explanation Lawson might have provided to him, since he is seeking money damages from Lawson and the two other defendants for what he believes was an unjustified use of force. (DE # 1 at 5.) Pursuant to 42 U.S.C. § 1997e(a), he was required to administratively exhaust his claims against the defendants before filing suit. *Id.* Because he did not do so, his suit must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED.**

Date: September 1, 2010

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT